**In re Ralph D. KEISER, Annette T. Keiser, Debtors.**

**Bankruptcy No. 96–11342–FM.**

United States Bankruptcy Court, W.D. Texas, Austin Division.

Sept. 24, 1996.

Frank M. Laphen, U.S. Trustee's Office, Austin, TX.

Eric R. Borsheim, Austin, TX.

## MEMORANDUM OPINION

FRANK R. MONROE, Bankruptcy Judge.

The Court held a hearing on September 10, 1996 upon the Motion of the United States Trustee to Dismiss Annette T. Keiser as a debtor in this case. At the conclusion of the argument made by the U.S. Trustee and counsel for the debtor, the Court stated that it would make its ruling in writing. Accordingly, this Memorandum Opinion shall serve as written Findings of Fact and Conclusions of Law made pursuant to Bankruptcy Rules 7052 and 9013.

As this is a motion to dismiss one of the debtors from this case, it is a contested matter which is a core proceeding under 28 U.S.C. Section 157(b)(2)(A) and (O) and because it is a matter that arises both under Title 11 and in a case under Title 11. Accordingly, this Court has the jurisdiction to enter a final order hereon pursuant to 28 U.S.C. Section 1334(a) and (b), 28 U.S.C. Section 157(a) and (b), 28 U.S.C. Section 151 and the Standing Order of Reference from the United States District Court for the Western District of Texas.

The facts relevant to this controversy appear by a review of the pleadings and the file itself to be largely uncontested.

## FACTS

The debtors filed their voluntary petition under Chapter 11 of Title 11 on May 9, 1996. The meeting of creditors required by Section 341(a) of the Bankruptcy Code was set for June 3, 1996 at 10:00 a.m. At such meeting, the debtor Ralph D. Keiser and counsel appeared as did Diane L. Graham of the United States Trustee's Office. The debtor Annette T. Keiser did not appear allegedly [1] due to some undisclosed pressing family business that required her presence in Alabama. No creditor appeared.

The Proceeding Memo of the Section 341 meeting filed by Ms. Graham reflects that the Section 341 meeting was *adjourned* "pending waiver of appearance by co-debtor wife Annette Keiser". The Proceeding Memo also reflects that "debtor's attorney will request waiver of appearance (for co-debtor wife) from Court". Counsel for the debtor disputes that he made such an agreement. Instead, he avers that he was requested by a different employee of the U.S. Trustee's Office *after* the June 3, 1996 Section 341 meeting to file a request with the Court seeking a waiver of the appearance of debtor Annette T. Keiser from the Section 341 meeting. He further states that he has never agreed to do so, either at the Section 341 meeting or afterward.[2] In fact, it was

---

**1.** We don't know for sure since Mrs. Kaiser did not appear and testify here either. This is simply the unsworn declaration of debtor's counsel.

**2.** Debtor's counsel did kindly offer to do so, however, should the Court so order.

counsel's unsworn declaration to the Court that Ms. Graham told him that she had *no* questions for Mrs. Keiser as Mr. Keiser had answered all of her questions to her satisfaction, but that she would have to check with higher authority in the U.S. Trustee's Office to see what would occur next. Apparently, it was this higher authority who told debtors' counsel that he would have to either seek a waiver of appearance for the debtor Annette T. Keiser or she would have to appear at a reconvened Section 341 meeting.

Debtors' attorney refused to seek a waiver of appearance for debtor Annette T. Keiser. In response, the U.S. Trustee sent notice that the previously adjourned Section 341 meeting would be reconvened on July 23, 1996 at 10:30 a.m. for the appearance of the debtor Annette T. Keiser. Neither Mrs. Kaiser or her counsel appeared at the reconvened Section 341 meeting. The Section 341 meeting was then *concluded* as per the Proceeding Memo filed by the U.S. Trustee's Office.

The U.S. Trustee next filed the instant Motion to Dismiss the case as to debtor Annette T. Keiser alleging that her nonappearance at the Section 341 meeting violated the mandate of Section 343 and that such violation will effectively prevent her from ever confirming a plan because she will not ever be able to show that she had complied with all of the applicable provisions of Title 11 as will be required by Section 1129(a)(2) with regard to any Plan which she proposes.

It is this historic and momentous issue, the result of which will most certainly change the administration of bankruptcy cases as we know it, if not the destiny of the whole of mankind as well, that the United States Trustee's Office and debtors' counsel have submitted to this Court for the exercise of its most solemn and judicious discretion.

## CONCLUSIONS

■ One thing is clear. This controversy has absolutely nothing to do with the real administration of justice in this case. It has everything to do with a struggle of wills between the United States Trustee's Office and debtors' counsel. The absurdity of the situation could not be more abundantly clear.

Debtor Annette T. Keiser did not appear at the first scheduled Section 341 meeting because she was allegedly in Alabama taking care of some family business. The representative of the United States Trustee's Office that interrogated the debtor Ralph D. Keiser at that Section 341 meeting told debtors' counsel that she had no questions for Mrs. Keiser but that she would have to leave it to the higher authorities in the U.S. Trustee's Office to see whether or not the meeting would have to be reconvened for Mrs. Keiser's appearance even though she had no questions for her. Later, the higher authority in the U.S. Trustee's Office informed debtors' counsel that he would have to get a waiver from this Court for Mrs. Keiser's appearance. Otherwise, they were duty bound to reconvene the Section 341 meeting so that the co-debtor for whom they had no questions could appear for examination as required by Section 343. Examination by whom is the logical next question since the U.S. Trustee apparently had no questions and no creditors had appeared the first time. This type of bureaucratic, blind adherence to the statute [3] (without the apparent existence of any ability to exercise discretion in matters such as these) is just the type of activity that has caused the United States Trustee's Program to be so criticized in the past by those who see too little utility in that program as it now operates on a national scale. Here, however, the attorney in the local U.S. Trustee's office did exercise the appropriate discretion. He told debtor's counsel that he would not oppose a motion to excuse Mrs. Keiser's appearance if he chose to file one. But that if he did not, she would have to appear; whether they had any questions for her or not because that is what the statute required.

Debtors' counsel is an accomplished bankruptcy practitioner fully knowledgeable of the laws and rules that govern bankruptcy

---

**3.** Section 343 of the Bankruptcy Code is mandatory and requires debtor's attendance at the Section 341 meeting.

practice in this District. He was given an "out" early by the higher authority at the United States Trustee's Office. He could simply have filed a motion to excuse Mrs. Keiser's appearance at the Section 341 meeting which they would not resist and the matter would be done. However, for some inexplicable, but most likely philosophical reason, debtors' counsel apparently felt it more appropriate to bow his neck and say, "HELL NO, we won't go!"

It is the well established practice in this District in cases involving joint debtors to excuse one co-debtor from attending the Section 341 meeting upon good cause shown so long as the other co-debtor attends and answers all the questions to all parties' satisfaction. And, if someone appears and has specific questions for the non-attending co-debtor, the Section 341 meeting will be continued for that purpose. Stated another way, it would have been a very simple matter for debtors' counsel to have filed a motion seeking a waiver of appearance for Mrs. Keiser under the circumstances even though it would have been after the Section 341 meeting was actually held. The U.S. Trustee had *adjourned* the meeting for that purpose. Those types of motions are routinely granted and in the seven years this judge has been on the bench there has been no controversy or problem arise over this procedure. But, debtors' counsel did not want to do that. And, when the U.S. Trustee set the reconvened Section 341 meeting for the purpose of having Mrs. Keiser appear, debtors' counsel also chose to have her not appear and to not appear himself.

· How silly!

■ The law is clear. Appearance at a Section 341 meeting is mandatory. 11 U.S.C. Section 343. It is not waivable. As stated above, this Court has accommodated parties in the past whose attendance at the Section 341 meeting was not needed and who had legitimate problems which required their attendance elsewhere at the same time by waiving their appearance as a co-debtor upon the conditions that the other co-debtor appear and answer all questions to the satisfaction of all parties and that if anyone did appear and want to question the non-appearing debtor that they would make themselves available in the future for examination. It is simply a policy of accommodation. The law, however, is quite clear and not necessarily supportive of our accommodating policy. Appearance by a debtor is mandatory.

Because Mrs. Keiser failed to appear at continuation of the Section 341 meeting on July 23, 1996 and because that meeting was then *concluded* as per the Proceeding Memo filed by the presiding officer Frank M. Laphen, the debtor cannot now ever comply with Section 343. The Section 341 meeting is now over, completed, ended, a part of history. Therefore, Mrs. Keiser now finds herself in a position where she will be unable at any point in the future in this case to prove compliance with Section 1129(a)(2) of the Bankruptcy Code. That section, of course, requires a debtor proposing a plan to prove that he or she has complied with all applicable provisions of Title 11. Clearly, since Mrs. Keiser has not complied with Section 343 of the Bankruptcy Code, and can now never comply with it since the Section 341 meeting has been closed. Therefore, she can never confirm a plan. Further, although this is the exact type of situation in which the Court would have accommodated Mrs. Keiser were she to have asked for a waiver of appearance; due to the state of the record as we now find it, the Court can only conclude that Mrs. Keiser, through her counsel, has drawn a line in the sand. She must, therefore, be willing to accept the consequences of that action. This Court would not be inclined to be accommodating now under these circumstances.

Accordingly, the only way this case can be salvaged is to dismiss Mrs. Keiser as a debtor leaving her husband as the sole debtor to propose a plan of reorganization with their creditors.

An Order of even date herewith will be entered.