# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

**06-6007MN**

_____

| | | |
|---|---|---|
| In re: Kevin Mark Hedquist and | * | |
| Terri Lynn Hedquist | * | |
| | * | |
| Debtors | * | |
| | * | |
| Kevin Mark Hedquist | * | |
| | * | |
| Debtor - Appellant | * | |
| | * | Appeal from the United States |
| v. | * | Bankruptcy Court for the |
| | * | District of Minnesota |
| Habbo G. Fokkena | * | |
| | * | |
| U.S. Trustee - Appellee | * | |
| | * | |
| Minnesota Department of Revenue; | * | |
| Internal Revenue Service; | * | |
| Securities and Exchange Commission; | * | |
| TDS Telecom; | * | |
| Option One Mortgage Corporation; | * | |
| Wilshire Credit Corporation; and | * | |
| Mid-Minnesota Credit Union | * | |
| | * | |
| Interested Parties - Appellees | * | |

_____

Submitted: April 10, 2006
Filed: April 21, 2006 (Corrected April 24, 2006)

_____

Before FEDERMAN, VENTERS, and McDONALD, Bankruptcy Judges

FEDERMAN, Bankruptcy Judge

This is an appeal from an Order of the Bankruptcy Court[1] entered January 20, 2006, in which the Court dismissed the Debtors' Chapter 11 bankruptcy case for failure to comply with 11 U.S.C. § 109(h). We affirm.

On January 20, 2006, Debtors Kevin Mark Hedquist and Terri Lynne Hedquist, *pro se,* filed a joint voluntary Chapter 11 bankruptcy petition. Along with their Petition, they filed an Affidavit, signed by Mr. Hedquist only, in which he said, in effect, that he and his wife did not go to a credit counseling service because they had been attempting to negotiate a settlement of mortgage arrearages, but that they were unable to reach a resolution that would prevent the foreclosure sale. It appears from the Affidavit and e-mails attached to it that the foreclosure sale was scheduled the day they filed their bankruptcy Petition.

That same day, the Bankruptcy Court entered an Order of Dismissal, finding that, because the Debtors are individuals, they must comply with section 109(h) of the Bankruptcy Code to be eligible to file a petition. That section requires that the Debtors have either received a briefing from an approved credit counseling agency prior to filing the petition, or have filed a certificate of exigent circumstances that meets three requirements set forth in the statute.

The Court found that the Debtors' Affidavit did not meet the requirements because it did not indicate that the Debtors ever sought credit counseling, much less that they were unable to receive it within five days of requesting it. The Court also found unsatisfactory their explanation that they hoped, or assumed, they would be

---

[1] The Honorable Robert J. Kressel, United States Bankruptcy Judge for the District of Minnesota.

successful in negotiating a resolution to the mortgage problem, while doing nothing about satisfying the prerequisites for filing a bankruptcy case until it was too late. Therefore, the Court found, the Hedquists were ineligible to file a bankruptcy case and, thus, the case had to be dismissed.  Debtor Kevin Hedquist appeals, *pro se*.

## STANDARD OF REVIEW

A bankruptcy appellate panel shall not set aside findings of fact unless clearly erroneous.[2]  We review the legal conclusions of the bankruptcy court *de novo.*[3]

## DISCUSSION

Section 109(h) of the Bankruptcy Code provides, in relevant part:

> (h)(1) Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

\* \* \*

---

[2] *Gourley v. Usery (In re Usery),* 123 F.3d 1089, 1093 (8th Cir. 1997); *O'Neal v. Southwest Mo. Bank (In re Broadview Lumber Co., Inc.)*, 118 F.3d 1246, 1250 (8th Cir. 1997) (citing *First Nat'l Bank of Olathe, Kansas v. Pontow (In re Pontow)*, 111 F.3d 604, 609 (8th Cir. 1997)). Fed. R. Bankr. P. 8013.

[3] *First Nat'l Bank of Olathe, Kansas v. Pontow (In re Pontow),* 111 F.3d 604, 609 (8th Cir. 1997); *Sholdan v. Dietz (In re Sholdan),* 108 F.3d 886, 888 (8th Cir. 1997).

(3)(A) Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that –

> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);

> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and

> (iii) is satisfactory to the court.

(B) With respect to a debtor, an exemption under subparagraph (A) shall cease to apply to that debtor on the date on which the debtor meets the requirements of paragraph (1), but in no case may the exemption apply to that debtor after the date that is 30 days after the debtor files a petition, except that the court, for cause, may order an additional 15 days.[4]

Thus, as the Bankruptcy Court held, there are three requirements for obtaining a so-called thirty-day exemption from the prebankruptcy briefing requirement: First, the certificate must describe exigent circumstances that merit a waiver of the briefing requirement; second, the certificate must state that the debtors requested credit counseling services from an approved agency but were unable to obtain the services within five days; and third, the certificate must be satisfactory to the court. With certain limited exceptions not applicable here,[5] the requirements of section 109(h) are

---

[4] 11 U.S.C. § 109(h).

[5] *See In re Dixon*, 338 B.R. 383, 386 (B.A.P. 8th Cir. 2006).

mandatory:  failure to meet them is a "fatal flaw" rendering an individual debtor ineligible for bankruptcy relief.[6]

First, we note that the Bankruptcy Court found Mr. Hedquist's explanation of exigent circumstances to be unsatisfactory.  Although Mr. Hedquist does not complain about that finding specifically, we have previously held that a bankruptcy court does not abuse its discretion in finding that a debtor's waiting to file a bankruptcy petition until the eve of a foreclosure, when the debtor has had ample notice of the foreclosure, does not constitute exigent circumstances meriting a waiver of the prebankruptcy briefing requirement.[7]

Mr. Hedquist asserts instead that, under subsection (3)(B), he is granted thirty days after filing his petition in which to fulfill the requirements of section 109(h)(1). He is correct that debtors have thirty days after filing the petition in which to obtain the required credit counseling, but *only if* the debtor has already properly obtained an exemption under subparagraph (A) by filing the certification in compliance with the statute.  In other words, a debtor does not receive the additional thirty days unless the debtor certifies, to the satisfaction of the court, that there are exigent circumstances meriting a waiver and that the debtor attempted to obtain the credit counseling but was unable to do so.  Consequently, because the Debtors in this case did not meet the requirements for obtaining the exemption in the first place, they are not entitled to the additional thirty days under section 109(h)(3)(B).

Second, Mr. Hedquist asserts that the Bankruptcy Court erred in issuing a final order, rather than making proposed findings for the District Court.  In so doing, he argues that the issue decided by the Bankruptcy Court, *i.e.*, the dismissal of the case, was a non-core issue.  To the contrary, the dismissal of a bankruptcy case for failing

---

[6] *In re Watson*, 332 B.R. 740, 745-46 (Bankr. E.D. Va. 2005).

[7] *In re Dixon*, 338 B.R. at 388.

5

to meet the requirements for filing the petition is a core issue: the issue arises under title 11; it arises in a case under title 11; it concerns the administration of the estate; and it affects the adjustment of the debtor-creditor relationship.[8]

Next, Mr. Hedquist asserts that by requiring individuals to seek credit counseling before filing a bankruptcy petition, when corporations are not required to do so, the Bankruptcy Code violates individuals' Fourteenth Amendment rights to equal access to the courts. He relies on *Toibb v. Radloff* [9] for the proposition that individuals, as well as corporations, are entitled to relief under Chapter 11 of the Bankruptcy Code. Mr. Hedquist is correct on that point: there is no question that individuals may file for relief under Chapter 11 of the Bankruptcy Code. However, individuals seeking relief under *any* chapter of the Bankruptcy Code must still comply with the applicable rules and requirements in order to be eligible for that relief. *Toibb v. Radloff* does not hold otherwise.

"Generally, the Equal Protection Clause requires the government to treat similarly situated people alike. Yet, different treatment of dissimilarly situated persons does not violate the equal protection clause."[10] And, unequal treatment is not enough to show a violation of the equal protection clause, absent proof of an unlawful intent to discriminate against the person for an invalid reason.[11] First, we do not

---

[8] 28 U.S.C. § 157(b)(1), (b)(2)(A) and (b)(2)(O). *Accord In re Pier*, 310 B.R. 347, 352 (Bankr. N.D. Ohio 2004); *In re Cadiz Properties, Inc.*, 278 B.R. 744, 745 (Bankr. N.D. Tex. 2002); *In re Kaiser*, 204 B.R. 697, 698 (Bankr. W.D. Tex. 1996).

[9] 501 U.S. 157, 111 S.Ct. 2197, 115 L.Ed.2d 145 (1991).

[10] *Anderson v. Cass County*, 367 F.3d 741, 747-48 (8th Cir. 2004) (citations and internal quotation marks omitted).

[11] *Martin v. City of Brentwood*, 200 F.3d 1205, 1206 (8th Cir. 2000) (citation omitted).

consider individuals and corporations similarly situated. Moreover, Congress' intent in requiring consumers to receive credit counseling was, as one court has phrased it, to force them to "obtain education and counseling regarding both the consequences of filing for bankruptcy and the non-bankruptcy alternatives available to the debtor to rebuild his or her financial health."[12] This does not evidence an unlawful intent to discriminate against individuals, as opposed to corporations, for an invalid reason.

Nor does section 109(h) violate the Fifth Amendment's right to due process. "[T]he concepts of equal protection and due process, both stemming from our American ideal of fairness, are not mutually exclusive."[13] Although they are not always interchangeable phrases, discrimination "may be so unjustifiable as to be violative of due process."

> Unless a statute employs a classification that is inherently invidious or that impinges on fundamental rights, areas in which the judiciary then has a duty to intervene in the democratic process, courts properly exercise only a limited review power over Congress. At the minimum level, the Supreme Court has required that legislation classify the persons it affects in a manner rationally related to legitimate governmental objectives.[14]

---

[12] *In re Tomco*, 339 B.R. 145, 157 (Bankr. W.D. Pa. 2006).

[13] *Bolling v. Sharpe*, 347 U.S. 497, 499, 74. S.Ct. 693, 694, 94 L.Ed. 884 (1954).

[14] *In re Watson*, 332 B.R. at 746 (citations and internal quotation marks omitted). In *In re Watson*, the court addressed the constitutionality of section 109(h) under the Fifth Amendment, but noted that "[t]he Supreme Court's approach to Fifth Amendment equal protection claims is precisely the same as to equal protection claims under the Fourteenth Amendment." *Id.* at 746 n. 3 (*citing Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n. 2, 95 S.Ct. 1225, 43 L.Ed.2d 514 (1975)).

As the court in *In re Watson* found, there is no basis for application of a heightened standard for review of section 109(h) of the Bankruptcy Code.[15] Individuals, as compared to corporations or limited liability companies, are not a "suspect" class.[16] In addition, the credit counseling requirement as an element for an individual to be eligible for bankruptcy relief does not burden a fundamental right: "There is no constitutional right to obtain a discharge of one's debts in bankruptcy."[17]

> An examination of the rational basis for the requirement by Congress for individuals (including those who operate businesses as sole proprietorships) to receive credit counseling as a condition of eligibility for relief under the Bankruptcy Code suggests the classification is well within the policy judgment of the legislature. . . . Congress simply has mandated that any natural person (as opposed to an artificial entity such as a partnership, corporation, or limited liability corporation) who seeks bankruptcy relief must either receive credit counseling or exemption therefrom, regardless of the extent of business or personal assets which such an individual may own or whether such an individual operates a business. In applying the credit counseling requirement to all natural persons who seek bankruptcy protection and not requiring it as a condition of eligibility for artificial legal entities who file, this Court cannot find that this "line-drawing" of the conditions of eligibility to receive the benefit of bankruptcy relief is so devoid of rational justification that this Court should substitute "its personal notions of good public policy" for that of Congress.[18]

---

[15] *Id.*

[16] *See id.*

[17] *Id.* at 747 *(quoting U.S. v. Kras*, 409 U.S. 434, 446, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973) (the Supreme Court holding that certain bankruptcy filing fee requirements were not unconstitutional)).

[18] *Id.* at 747. *Accord In re Tomco*, 339 B.R. at 156-57.

Accordingly, the court found, section 109(h) does not violate the Constitution. We agree.

Finally, Mr. Hedquist points out that courts are to afford *pro se* litigants leniency with regard to their pleadings.[19] Regardless, the requirements under section 109(h) are plain and mandatory, and Mr. Hedquist's Affidavit clearly does not meet those requirements. Whether represented or not, debtors are required to comply with section 109(h), and the Hedquists did not do so.

As several courts have commented, the new requirements in section 109(h) can, in some circumstances, create harsh results.[20] But because those requirements are mandatory, bankruptcy courts have no discretion but to dismiss the case when the debtor fails to file a certification in compliance with its provisions. Because the Debtors in this case did not file a correct certification, and did not meet any of the other exceptions to section 109(h), the Bankruptcy Court had no choice but to dismiss the case. Accordingly, the Order of Dismissal is AFFIRMED.

————————————————

[19] *See Haines v. Kerner* 404 U.S. 519, 520, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972).

[20] *See e.g., In re Rodriguez*, 336 B.R. 462, 472 (Bankr. D. Idaho 2005); *In re Talib*, 335 B.R. 417, 424 (Bankr. W.D. Mo. 2005); *In re Watson*, 332 B.R. at 745 (the plain meaning of section 109(h)(3) may produce unpopular and burdensome results, but the court is not the forum in which to seek a remedy; "the proper venue instead lies with Congress.").