**In re Doris GINSBERG, Debtor.**

No. 06–42821–608.

United States Bankruptcy Court, E.D. New York.

Nov. 13, 2006.

tary distributions arising out of the matrimonial action.

Scott Cerbin, Esq., Brooklyn, NY, for debtor.

## DECISION

CARLA E. CRAIG, Bankruptcy Judge.

This matter comes before the Court on the Court's order directing Doris Ginsberg (the "Debtor") to show cause why her case should not be dismissed for failure to com-

ply with the credit counseling requirement imposed by Section 109(h)(1) of the Bankruptcy Code (the "credit counseling requirement").[1] For the reasons set forth below, the Debtor's case is dismissed.

### Jurisdiction

The Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 1334(b) and 157(b)(2) and the Eastern District of New York standing order of reference dated August 28, 1986.

### Facts

On August 9, 2006, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The Debtor did not select the box on the petition stating either that she received pre-petition credit counseling or that she was requesting a waiver of the credit counseling requirement. The Debtor also did not file a certificate evidencing that she received pre-petition credit counseling, nor did she request a waiver or a temporary exemption from the credit counseling requirement. On August 22, 2006, the Court ordered the Debtor to show cause why her case should not be dismissed for failure to comply with Section 109(h)(1). On that same date, the Debtor obtained credit counseling from Credit Advisors Foundation and she filed a certificate indicating the receipt of such counseling. A hearing was held on the Court's order on August 30, 2006 and counsel appeared on the Debtor's behalf.

### Legal Standard

■ The credit counseling requirement is imposed by Section 109(h)(1), which provides that, in order to be a debtor under the Bankruptcy Code, an individual must have "received from an approved nonprofit

---

1. Unless otherwise indicated, all statutory references herein are to title 11 of the United States Code, as amended by the Bankruptcy

Abuse Prevention and Consumer Protection Act, Pub.L. No. 109–8, 119 Stat. 23 (April 20, 2005).

646

budget and credit counseling agency ... an individual or group briefing ... that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis" within 180 days prior to filing the petition. 11 U.S.C. § 109(h)(1). A certificate demonstrating that the individual received such counseling must be filed with the bankruptcy petition. 11 U.S.C. § 521(b)(1); Fed. R. Bankr.P. 1007(b)(3) and (c). When the prospective debtor fails to satisfy the credit counseling requirement, the majority of courts have chosen to dismiss the case, rather than to treat the filing as a nullity by "striking" the petition. *See, e.g., In re Hedquist,* 342 B.R. 295 (8th Cir. BAP 2006); *In re Toccaline,* 2006 WL 2081517, at *3 (Bankr. D.Conn. July 17, 2006); *In re Wilson,* 346 B.R. 59, 64–65 (Bankr.N.D.N.Y.2006); *In re Seaman,* 340 B.R. 698, 707–09 (Bankr.E.D.N.Y.2006)(dismissing the case for failure to satisfy Section 109(h) and citing thirty one cases where the court dismissed the case instead of striking it); *cf., In re Elmendorf,* 345 B.R. 486 (Bankr. S.D.N.Y.2006); *In re Rios,* 336 B.R. 177 (Bankr.S.D.N.Y.2005). The purpose of the credit counseling requirement is "to give consumers in financial distress an opportunity to learn about the consequences of bankruptcy—such as the potentially devastating effect it can have on their credit rating—before they decide to file for bankruptcy relief." *In re Henderson,* 339 B.R. 34, 36–37 (citing H.R.Rep. No. 109–31, pt.1, at 18 (2005), U.S.Code Cong. & Admin. News 2005, pp. 88, 104.).

■ However, an individual may receive a temporary exemption from the credit counseling requirement pursuant to Section 109(h)(3). *See* 11 U.S.C. § 109(h)(3). To receive this exemption, the individual must satisfactorily certify that he requested credit counseling services from an ap-

proved agency but was unable to obtain the counseling within five days of his request and describe exigent circumstances that merit a waiver of the credit counseling requirement. 11 U.S.C. § 109(h)(3)(A). This exemption expires after thirty days, unless an additional fifteen days is granted for cause. 11 U.S.C. 109(h)(3)(B). If the individual receives the required counseling within the exemption period, he will "become, *nunc pro tunc,* an eligible debtor under the Bankruptcy Code." *Henderson,* 339 B.R. at 37.

Alternatively, a prospective debtor may obtain a waiver of the credit counseling requirement pursuant to Section 109(h)(4). *See* 11 U.S.C. § 109(h)(4). In order to obtain this waiver, the court must determine that the prospective debtor is unable to satisfy the credit counseling requirement "because of incapacity, disability, or active military duty in a military combat zone." 11 U.S.C. § 109(h)(4). The request for this waiver must be filed with the petition. Fed. R. Bankr.P. 1007(b)(3) and (c).

*Analysis*

■ It is undisputed that the Debtor failed to obtain credit counseling before she filed her bankruptcy petition. *See* Tr [2] . at 2. Therefore, she would only be eligible for bankruptcy relief if she receives a waiver or a temporary exemption from the credit counseling requirement. The Debtor has not asserted that she is either incapacitated, disabled, or on active military duty in a combat zone; therefore, based on this record, she is unable to obtain a waiver of the credit counseling requirement. *See* 11 U.S.C. § 109(h)(4). The Debtor's counsel conceded that the Debtor is ineligible for the temporary exemption. (Tr. at 4.) The only reason why the Debtor filed her bankruptcy petition without obtaining

**2.** "Tr." refers to the transcript of the hearing held on August 30, 2006.

credit counseling was because of her attorney's ignorance of the credit counseling requirement. *Id.* Since the Debtor did not satisfy the credit counseling requirement imposed by Section 109(h)(1) and is not eligible for an exemption or a waiver pursuant to Section 109(h)(3) or (h)(4), she is ineligible to be a debtor under the Bankruptcy Code and as such, cannot be afforded bankruptcy relief. For the reasons comprehensively explained in *Seaman*, this case must be dismissed. *See Seaman*, 340 B.R. at 701–709; *see also Hedquist*, 342 B.R. at 297(bankruptcy courts have no discretion but to dismiss a case when the debtor does not comply with Section 109(h)); *In re Wilson*, 346 B.R. 59 (Bankr. N.D.N.Y.2006); *Toccaline*, 2006 WL 2081517; *In re Westover*, 2006 WL 1982751 (Bankr.D.Vt. July 11, 2006); *In re Ross*, 338 B.R. 134 (Bankr.N.D.Ga.2006); *In re DiPinto*, 336 B.R. 693 (Bankr. E.D.Pa.2006); *In re Sosa*, 336 B.R. 113 (Bankr.W.D.Tex.2005); *In re Talib*, 335 B.R. 417, *reconsideration denied*, 335 B.R. 424 (Bankr.W.D.Mo.2005); *In re Childs*, 335 B.R. 623 (Bankr.D.Md.2005); *In re Cleaver*, 333 B.R. 430 (Bankr.S.D.Ohio 2005); *In re Watson*, 332 B.R. 740 (Bankr. E.D.Va.2005).

The Debtor's attorney argued that dismissal is not "in the spirit of the law." (Tr. at 3.) One court in this circuit has found that dismissal is not required for failure to comply with Section 109(h)(1) when it would be manifestly unjust to dismiss the case in light of unique and extraordinary circumstances. *See In re Hess*, 347 B.R. 489 (Bankr.D.Vt.2006). That court issued an opinion addressing two separate cases, *In re Hess* and *In re Madore*, where debtors failed to obtain the requisite pre-petition counseling. *Id.* One of the debtors, Michael R. Hess, marked the box on the petition indicating that he received the required counseling, however, he obtained "regular" credit counseling and not the credit counseling given to com-

ply with the bankruptcy law from a credit counseling agency, which was not an authorized provider of counseling services at that time. *Id.* at 492, 499. The court held that dismissing Mr. Hess's case would be manifestly unjust because the debtor's noncompliance was due to "circumstances that were extraordinary and beyond his control, namely that the credit counseling agency failed to articulate the distinction between 'regular' credit counseling and the credit counseling sessions given to comply with the new bankruptcy law . . . ." *Id.* at 499.

Danielle Madore, the other debtor, also marked the box on the petition indicating that she received pre-petition credit counseling, but in fact, she had not received it pre-petition. *Id.* at 492–93. In that case, the debtor's attorney prepared the petition and informed her of the bankruptcy law requirements. *Id.* at 493. The petition was not to be filed until Ms. Madore obtained the requisite credit counseling. *Id.* However, Ms. Madore's attorney required emergency surgery and subsequent medical treatment and in the attorney's absence, due to confusion in the attorney's office, the petition was filed before Ms. Madore obtained the credit counseling. *Id.* The court found that "Ms. Madore took all reasonable steps necessary to comply with the pre-petition counseling requirement but . . . her petition was filed without the requisite pre-petition counseling as a result of acts and circumstances of others that were both beyond her control and extraordinary." *Id.* at 499. Therefore, the court declined to dismiss Ms. Madore's case. *Id.* at 501.

■ The facts in this case are quite different. Whereas *Hess* and *Madore* cite extraordinary circumstances beyond the debtors' control, the only justification presented here is the Debtor's attorney's failure to be aware of the credit counseling

requirement. "Generally if a debtor suffers adverse legal consequences as a result of attorney error, the debtor's recourse is against the attorney . . . ." *Id.* at 499. While there may be circumstances which give rise to an exception to that rule, no such circumstances are present here. *See id.* Although dismissal of this case due to the attorney's error may seem harsh, it is not manifestly unjust. *See Hedquist,* 342 B.R. at 301 ("the new requirements in [S]ection 109(h) can, in some circumstances, create harsh results.").

## Conclusion

For the reasons stated above, this case is dismissed. An order will be entered with this decision.