hardship incurred as the result of the student loan.

Finally, should ECMC not approve her application for the Ford program or provide the Debtor an alternate affordable payment plan, or subject her wages or tax refunds to garnishment during the repayment period such that the Debtor is unable to subsist and care for her children, I would consider another request for discharge of the student loans and review of the Debtor's situation pursuant to the Debtor's properly renewed request at that time. *See Nash,* 446 F.3d at 194; 11 U.S.C. § 523(b);[11] *Storey v. Nat'l Enter. Sys. (In re Storey),* 312 B.R. 867, 875 (Bankr.N.D.Ohio) (noting that a decision as to the nondischargeability of a student loan obligation is not res judicata).

## IV. *Conclusion*

For the reasons set forth herein, I will enter an order granting judgment for ECMC. To the extent that the Debtor satisfies the requirements for participation in the Ford program, any tax liability based on the forgiven balance at that time is discharged. A separate order will enter.

**In re: Michal SWIATKOWSKI, Debtor.**

No. 805–70035–511.

United States Bankruptcy Court,
E.D. New York.

Nov. 16, 2006.

---

**11.** Section 523(b) provides, in relevant part: "Notwithstanding subsection (a) of this section, a debt that was excepted from discharge under subsection (a)(1), (a)(3), or (a)(8) of this section ... in a prior case concerning the debtor under this title ... is dischargeable in a case under this title unless, by the terms of subsection(a) of this section, such debt is not dischargeable in the case under this title." 11 U.S.C. § 523(b).

Marianne DeRosa, Esq., Jericho, NY, Chapter 13 Trustee.

William B. Schiller, Esq., Schiller & Knapp, LLP, Latham, NY, for CitiMortgage.

Roy J. Lester, Esq., Lester & Weitz, PC, Garden City, NY, for the Debtor.

## DECISION

### (Re: Motion to Dismiss for Lack of Credit Counseling)

MELANIE L. CYGANOWSKI, Chief Bankruptcy Judge.

Before the Court are four related matters: (A) a motion to dismiss that was filed by the Chapter 13 Trustee on September 28, 2006 (the "Trustee's Motion"); (B) a hearing to consider whether the Debtor's proposed Chapter 13 plan should be confirmed (the "Confirmation hearing"); (C) a motion by CitiMortgage, Inc., the secured creditor of the Debtor, that was filed on January 3, 2006 which seeks relief from the automatic stay (the "Lift/Stay Motion"); and (D) a motion by the Debtor that was filed on January 13, 2006 which seeks to object, reclassify, reduce or expunge the claim filed by CitiMortgage (the "Debtor's Motion"). Each of these matters are contested and papers in opposition have been filed with respect to each. The Court heard oral argument this morning. At that time, the Office of the U.S. Trustee also appeared in support of the Trustee's motion and in opposition to the Debtor's request that the case be "stricken" in the event that the Court granted the Trustee's motion.

For the reasons set forth herein, the Trustee's Motion is granted and the case is dismissed. Because of this ruling, the Court need not reach the other matters pending before it.

### Background of the Case

The Debtor, Michal Swiatkowski, filed a voluntary petition seeking relief under Chapter 13 on November 4, 2005.

This was not the first time that he sought bankruptcy protection. On September 1, 1999, he and his wife, Lidia Swiatkowski, filed a joint Chapter 13 petition. *See* Case No. 99–87493. He and his wife were represented by counsel. During the course of this first case, the Swiatkowskis objected to the secured claim of Citicorp Mortgage. After hearing, the objection was denied. The case was later dismissed upon the Debtors' application on July 20, 2000.

Three months later, the Debtor filed another petition seeking relief under Chapter 13 on October 25, 2000. *See* Case No. 00–87034. Once again, he was represented by counsel. This second case was dismissed upon the Trustee's motion for failure to make all necessary payments under the proposed Chapter 13 plan by Order dated January 22, 2001.

The third case was filed by the Debtor's spouse, Lidia, on March 7, 2001. *See* Case No. 01–81497. This case also sought relief under Chapter 13 of the Bankruptcy Code. Lidia Swiatkowski was represented by the same counsel who had represented her and her husband in the prior two cases. This third case was also dismissed upon the Trustee's motion, with prejudice as to both of the Swiatkowskis, by Order entered on November 6, 2001.

By the time that the Debtor filed the instant petition on November 4, 2005, the laws had changed. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") was passed by Congress and became effective on October 17, 2005. One of the requirements of the BAPCPA is that prior to filing, persons seeking bankruptcy protection must obtain credit counseling from an approved non-profit budget and credit counseling agency. *See* 11 U.S.C. § 109(h). On the second page of his petition, the Debtor declined to indicate whether he had received such counseling or whether he was requesting a waiver of this requirement. Nonetheless, the Debtor acknowledged that he was required to obtain such counseling when he signed the "Notice to Individual Consumer Debtor Under § 342(b) of the Bankruptcy Code" on November 3, 2005. *See* the Petition filed by the Debtor (Doc. No. 1 on the Court Docket).

According to the Court docket, the Debtor did not make any motion seeking to extend the time within which to obtain credit counseling until 74 days after he filed his petition, on January 17, 2006. The Debtor never filed a notice of motion seeking a hearing. This motion was never ruled upon by the Court. In his request for a "30–day" extension pursuant to 11 U.S.C. § 109(h)(3)(A), the Debtor stated that the "exigent" circumstance meriting a 30–day extension was that the course that he requested was not scheduled to take place until January 23, 2006. On January 26, 2006, he filed a Certificate of Credit Counseling.

On November 17, 2005, the Debtor filed Official Form 23 certifying that no *personal financial management course* is required because he is "incapacitated or disabled, as defined in 11 U.S.C. § 109(h)." The personal financial management requirement is distinct from the credit counseling requirement. *Compare* 11 U.S.C. § 109(h) *with* 11 U.S.C. § 727(a)(11). Form 23 does not constitute a request for exemption from the credit counseling cer-

tificate and the Court will not treat it as such.

The Court docket further reflects that the Debtor received notice that a meeting of creditors would take place on December 6, 2005. *See* 11 U.S.C. § 341. The Debtor did not appear at that meeting. At an adjourned meeting of creditors on January 10, 2006, the Debtor's wife appeared and advised the Trustee that the Debtor could not appear because he was in Poland. The Debtor did appear at the meeting of creditors on February 21, 2006. He was examined and the meeting was closed.

## *DISCUSSION*

The law is clear that, with limited exceptions, a Debtor must obtain credit counseling *prior to filing* in order to be eligible to file a petition in bankruptcy. Specifically, under Section 109(h)(1) of the Bankruptcy Code, an individual may not be a debtor in bankruptcy unless the individual has, during the 180–day period preceding the date of filing of the petition, received from an approved nonprofit budget and credit counseling agency a briefing that outlines the opportunities for available credit counseling and assists the individual in performing a related budget analysis. Section 521(b)(1) of the Bankruptcy Code further requires a debtor to file a certificate from the approved nonprofit budget credit counseling agency which describes the nature of the services that were provided to the debtor under Section 109(h)(1). Interim Rule of Bankruptcy Procedure 1007(b)(3) and (c) require that a debtor file the credit counseling certificate *with the petition.* Although not in effect until December 1, 2005 (after the Debtor filed the instant petition), the Court finds the interim rule instructive as to Congress's intent to require that the credit counseling be obtained *prior to filing the petition.*

■ Although a debtor may request a temporary exemption from the credit counseling requirement, this request will only be granted if the debtor can show that (a) there are exigent circumstances that support the request *and* (b) he or she requested the credit counseling prior to the filing of the bankruptcy petition but was unable to obtain the services during the 5–day preceding period beginning on the day the request was made. In this case, the Debtor did not file a request to obtain a temporary exemption until January 17, 2006—well over two months after having filed the petition. Moreover, the request simply stated that the Debtor had not previously taken the credit counseling because the course was not scheduled to take place until January 23, 2006. This date is obviously not within the "5–day" period preceding the filing of the petition on November 4, 2005. Further absent from the request is any statement of exigent circumstances that prevented the Debtor from receiving credit counseling prior to filing the petition. Nor is there any statement that the Debtor had even requested credit counseling prior to filing the petition.

■ At best, the Debtor is somehow arguing that his request on Form 23 to be exempted from the personal financial management requirement on the basis of a disability or capacity as defined in Section 109(h), should be deemed a request to be exempted from the credit counseling requirement as well. As noted, however, the Court is not prepared to deem the Form 23 request to be a request for exemption from the credit counseling requirement. Moreover, even if the Court were to consider the Debtor's request to be one seeking exemption from the credit counseling requirement based upon disability or incapacity, that request is belied by the facts

of this case.[1] First, the Debtor *did* obtain credit counseling on January 23, 2006. His argument that he was so disabled or incapacitated that he could not attend credit counseling is disingenuous in light of the fact that he ultimately did obtain that counseling. Second, the Court finds the Debtor's trip to Poland in January 2006 is also inconsistent with his argument that he was so disabled or incapacitated that he could not even pick up the phone to participate in an Internet credit counseling briefing. Third, as stated in the Memorandum of Law in support of the Trustee's Motion, the

> Debtor appeared on February 21, 2006 ... at which time the Trustee examined the Debtor and closed the meeting. The Debtor provided detailed information relative to the schedules and did not allege any disability that would have prevented his attending that meeting or responding to the Trustee's questions.

The Debtor's physical appearance at the 341 meeting and his apparent ability to respond to the Trustee's questions is not consistent with his claim that he is so disabled or incapacitated that he could not complete the credit counseling requirement.

For all of the foregoing reasons, and for the reasons stated by Judge Craig in the case of *Doris Ginsberg*, 354 B.R. 644 (Bankr.E.D.N.Y.2006), the Court will dismiss the Debtor's petition because the Debtor is not eligible to be a debtor pursuant to Section 109(h)(1) of the Bankruptcy Code because of his failure to comply with the credit counseling requirement. The Court declines to follow that line of cases which "strike" rather than dismiss petitions for Section 109(h) deficiencies. *See In re Seaman*, 340 B.R. 698 (Bankr. E.D.N.Y.2006).

The Court will issue a separate Order consistent with this Decision.

---

1. Under Section 109(h)(4) "incapacity" means "that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities." Under that same section, "disability" is defined as meaning "that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing."