**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No.   CC-15-1281-KiTaL |
| | ) | |
| ROGELIO FRANCO, | ) | Bk. No.   2:15-bk-12214-WB |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| ROGELIO FRANCO, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | **M E M O R A N D U M**[1] |
| v. | ) | |
| | ) | |
| UNITED STATES TRUSTEE; | ) | |
| TIMOTHY YOO, Chapter 7 | ) | |
| Trustee, | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

Argued and Submitted on May 19, 2016,
at Pasadena, California

Filed - June 2, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Julia W. Brand, Bankruptcy Judge, Presiding

Appearances:   Appellant Rogelio Franco on brief;[2] Nancy S.
Goldenberg argued for appellee, United States
Trustee.

---

[1]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, it has no precedential value.  See 9th Cir. BAP Rule 8024-1.

[2]   Appellant Rogelio Franco failed to appear at oral argument.

Before:   KIRSCHER, TAYLOR and LANDIS,[3] Bankruptcy Judges.

Appellant, chapter 7[4] debtor Rogelio Franco, appeals an order dismissing his case for "cause" under § 707(a).  The court dismissed his case with prejudice and imposed a one-year refiling bar under §§ 349(a) and 105(a).  We AFFIRM.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Debtor filed a chapter 13 bankruptcy petition on February 13, 2015, pro se (case no. 15-12214), which included a signed copy of Exhibit D — Individual Debtor's Statement of Compliance with Credit Counseling Requirement.  In Exhibit D, Debtor asserted under the penalty of perjury that "[W]ithin the 180 days before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me."  Debtor did not claim that any of the three exceptions to the prepetition credit counseling requirement under § 109(h) applied.  Debtor later converted his case to chapter 7; Timothy Yoo was appointed as trustee.[5]

---

[3]  Hon. August B. Landis, Bankruptcy Judge for the District of Nevada, sitting by designation.

[4]  Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[5]  Debtor named Mr. Yoo as an appellee.  Debtor has alleged
(continued...)

-2-

Prior to this case, Debtor, together with his wife, filed at least four other bankruptcy cases within the past four years.[6] In the first case, a chapter 7 case, Debtor received a discharge along with his wife on August 23, 2011. The fourth case, a chapter 7 case later converted to chapter 13, was still pending when Debtor filed the instant case. Between Debtor's third and fourth cases (filed in 2011 and 2014, respectively), his wife filed two bankruptcy cases (alone), one in 2012 and the other in 2013, receiving a discharge in the second case on February 24, 2014, despite having received a chapter 7 discharge less than three years before.[7]

On February 17, 2015, the bankruptcy court issued a Notice of Non-Entitlement to Discharge to Debtor. It is presumed Debtor received it; he has not argued to the contrary.

Debtor filed his certificate of credit counseling on February 27, 2015, wherein he stated that he had received credit

---

[5](...continued) mistreatment by Mr. Yoo while his case was in chapter 7. Mr. Yoo filed a statement with the BAP denying any mistreatment of Debtor and stating that he did not intend to file an appeal brief or to appear at oral argument. In any event, Debtor's allegations are not relevant to the dismissal of his case, so we did not consider them for our decision.

[6] The cases filed by Debtor are as follows: (1) 11-16131, chapter 7 filed 5/18/11 jointly with wife, discharge entered 8/23/11; (2) 11-49092, chapter 13 filed 9/15/11 jointly with wife, dismissed 10/24/11 at Debtors' request; (3) 11-61214, chapter 13 filed 12/16/11 jointly with wife, dismissed 1/9/12 for failure to file schedules, statements and/or plan; (4) 14-31486, chapter 7 filed 11/17/14, converted to chapter 13, dismissed on Debtor's request on 3/5/15 (while the instant case was pending).

[7] The cases filed by Debtor's wife are as follows: (1) 12-26895, chapter 13 filed 5/14/12, dismissed 7/27/12 for failing to confirm a plan; and (2) 13-16707, chapter 7 filed 10/21/13, discharge entered 2/24/14.

-3-

counseling on March 21, 2011, nearly four years prior to the petition date. Debtor filed this same certificate again on May 12, 2015.

The United States Trustee ("UST") moved to dismiss Debtor's case under § 707(a) for failure to obtain prepetition credit counseling within 180 days prior to the filing as required under § 109(h)(1) ("Motion to Dismiss"). The certificate Debtor filed was stale, having been obtained nearly four years prior to the petition date. The UST requested that the case be dismissed with prejudice under § 349 and that a one-year refiling bar be imposed due to Debtor's alleged bad faith repeat filings, his alleged abuse of the bankruptcy system, and the fact that he, under oath, misled the court as to the timeliness of the taking of his prepetition credit counseling course. Any opposition to the Motion to Dismiss was due no later than July 9, 2015.

Concurrently with the Motion to Dismiss, the UST filed a motion under § 727(a)(8), seeking to deny Debtor's discharge because of the chapter 7 discharge entered less than eight years prior in August 2011. The Motion to Dismiss and the § 727(a)(8) motion were scheduled for hearing on the same day.

In his late opposition to the Motion to Dismiss filed on July 14,[8] Debtor asserted that he thought the prepetition credit counseling certificate could be used more than once; he did not know the course had to be completed every time before he filed a new bankruptcy case. Debtor also disputed the one-year refiling bar, stating that he did not intend to file any more cases.

---

[8] Debtor did not file an opposition to the § 727(a)(8) motion.

-4-

Debtor indicated that he filed the instant case in good faith so he could negotiate a loan modification with his mortgage lender.

Subsequently, Debtor completed a credit counseling course on July 1, 2015, and filed his certificate of credit counseling on July 14, 2015. In reply to the Motion to Dismiss, the UST argued that Debtor's recent completion of credit counseling and filed certificate did not comply with § 109(h).

At the hearing on the Motion to Dismiss and the § 727(a)(8) motion, Debtor appeared pro se with an interpreter. After the parties stated they had nothing to add beyond the papers submitted, the bankruptcy court announced its oral ruling granting the Motion to Dismiss:

> THE COURT: I think that the [UST's] arguments are well taken. I think that the debtor filed the bankruptcy case - - there's an indication that it's filed in bad faith because there's no basis for the Chapter 7 case when a discharge is not available to the debtor here; and it looks like the only basis is to stay a foreclosure while the debtor tries to work something out with the lender, but that's the only reason. There's no benefit to the Chapter 7 case for creditors here.
>
> MR. FRANCO: The reason why I'm doing that is because I want to make a modification.
>
> THE COURT: Right, right. Well, and the debtor is not entitled to a discharge because he had a discharge within the last four years. There've been more than one, two, three, four, five, six, six cases, including this one, within the last four years - - or not including this one. And I agree with the [UST] that it's not plausible for the debtor to have filed the case and not understood that he's not eligible for relief. So on that basis, I'm going to grant the motion by the [UST] as requested with the bar of one year for refiling.

Hr'g Tr. (July 23, 2015) 5:17-6:14. Because the court was granting the Motion to Dismiss, it denied the § 727(a)(8) motion as moot. Debtor timely appealed the dismissal order.

///

-5-

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

1. Did the bankruptcy court err in dismissing Debtor's case for "cause" under § 707(a)?

2. Did the bankruptcy court abuse its discretion in dismissing Debtor's case with prejudice and imposing a one-year refiling bar?

## IV. STANDARDS OF REVIEW

We review de novo whether a type of misconduct can constitute "cause" under § 707(a); we review for abuse of discretion the bankruptcy court's decision to dismiss a case for misconduct that constitutes "cause." Sherman v. SEC (In re Sherman), 491 F.3d 948, 969-70 (9th Cir. 2007). The decision to dismiss a bankruptcy case with prejudice and impose a filing bar is reviewed for abuse of discretion. See Leavitt v. Soto (In re Leavitt), 171 F.3d 1219, 1224 (9th Cir. 1999). The bankruptcy court abuses its discretion if it applied the wrong legal standard or its findings were illogical, implausible or without support in the record. TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

We may affirm on any ground supported by the record, regardless of whether the bankruptcy court relied upon, rejected or even considered that ground. Fresno Motors, LLC v. Mercedes-Benz USA, LLC, 771 F.3d 1119, 1125 (9th Cir. 2014); Arnot v. Endresen (In re Endresen), 548 B.R. 258, 268 (9th Cir. BAP 2016).

///

///

-6-

## V. DISCUSSION

**A. The bankruptcy court did not err in dismissing Debtor's case for "cause" under § 707(a).**

### 1. Dismissal for "cause" under § 707(a)

A bankruptcy court may dismiss a chapter 7 case if the movant establishes "cause," which includes such conduct as (1) unreasonable delay in prosecuting the case, (2) failure to pay statutory fees and charges, or (3) failure to file financial disclosures. § 707(a)(1)-(3). Section 707(a) does not define "cause," but the Ninth Circuit has recognized that "cause" for dismissal is not limited to the three examples in the statute. Neary v. Padilla (In re Padilla), 222 F.3d 1184, 1191 (9th Cir. 2000).

### 2. The mandatory credit counseling requirement in § 109(h)

Section 109 of the Code identifies who may be a debtor. To qualify as a debtor, an individual must first participate in a credit counseling session within 180 days before filing a petition. § 109(h)(1).[9] Section 109(h)(1) is implemented by § 521(b)(1) and Rule 1007(b)(3) and (c), which require a debtor to file a certificate from the credit counseling agency that provided

---

[9] Specifically, § 109(h)(1) provides:

Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section other than paragraph (4) of this subsection, an individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

-7-

the credit counseling within 14 days after filing the petition. The exceptions to this requirement are identified in § 109(h); none of them apply here.

### 3. Analysis

The bankruptcy court made no mention at the hearing of § 109(h)(1) or Debtor's failure to comply with it. It referred only to what it considered to be a bad-faith bankruptcy filing by Debtor. It is not clear from the transcript whether the court was finding bad faith as a basis for dismissal under § 707(a) or as support for its decision to dismiss Debtor's case with prejudice and impose the one-year refiling bar under §§ 349(a) and 105(a). The dismissal order states only that Debtor's case is "DISMISSED pursuant to 11 U.S.C. § 707(a)."

To the extent the bankruptcy court dismissed Debtor's case for bad faith, it erred. Bad faith does not constitute "cause" for dismissal under § 707(a). In re Padilla, 222 F.3d at 1194 (reasoning that § 707(b) would not be necessary if "cause" under § 707(a) were meant to include bad faith). However, such error was harmless because another ground existed to dismiss Debtor's case for "cause" under § 707(a).

The UST argued that Debtor's case should be dismissed for cause under § 707(a) for failing to comply with the prepetition credit counseling requirement of § 109(h)(1). It is undisputed that the credit counseling certificate Debtor filed in the instant case was stale; it was nearly four years old. Debtor has not argued that any of the exceptions to § 109(h) applied. Debtor's subsequently-filed certificate indicating that he received credit counseling postpetition on July 1, 2015, did not cure his failure

-8-

to comply with § 109(h)(1).

The Ninth Circuit Court of Appeals has yet to rule on whether noncompliance with the prepetition credit counseling requirement in § 109(h)(1) establishes cause for dismissal under § 707(a). However, several courts have held that it does. See In re Alvarado, 496 B.R. 200, 207 (N.D. Cal. 2013)(relying on In re Padilla to hold that a chapter 7 debtor's failure to obtain prepetition credit counseling required by § 109(h) establishes "cause" for dismissal under § 707(a)); In re Tiner, 2008 WL 2705103, at *3 (Bankr. N.D. Cal. July 1, 2008); In re Dyer, 381 B.R. 200, 206 (Bankr. W.D.N.C. 2007). Essentially, these courts agree that a debtor who fails to comply with Congress' mandate of prepetition credit counseling is not eligible to be a debtor and therefore dismissal is appropriate. See Gibson v. Dockery (In re Gibson), 2011 WL 7145612, at *3-4 (9th Cir. BAP Dec. 1, 2011) (because chapter 13 debtor did not comply with prepetition credit counseling requirement she was not eligible to be a debtor and sua sponte dismissal of her case was appropriate, finding that the bankruptcy court lacks discretion to alter the requirement for those who have complied with the "spirit" of § 109(h), or where dismissal would result, in the court's view, in manifest injustice). This rule applies regardless of the chapter under which the individual debtor has filed. See Hedquist v. Fokkena (In re Hedquist), 342 B.R. 295, 300-01 (8th Cir. BAP 2006) (upholding dismissal of chapter 11 case for debtors' failure to comply with § 109(h)); In re Fanuzzi, 2011 WL 6097858, at *2-3 (Bankr. D. Mont. Dec. 7, 2011)(dismissing chapter 11 case for debtors' failure to comply with § 109(h)).

-9-

In _Padilla_, the Ninth Circuit set forth a two-part test for determining whether "cause" exists to dismiss a case under § 707(a), when the alleged conduct is not one of the three statutory examples. 222 F.3d at 1191-94. See _In re Sherman_, 491 F.3d at 970 (applying _Padilla_ two-part test). First, the court must determine whether the alleged misconduct is contemplated and addressed by a more specific Code provision. Id. If so, it does not constitute cause under § 707(a). Id. If not, then the court must consider whether the circumstances otherwise meet the criteria for "cause" for dismissal. Id.

We conclude that both prongs of _Padilla_ are satisfied here. The first prong is satisfied because no other Code provision provides a remedy for a debtor's failure to satisfy the prepetition credit counseling requirement. See _In re Alvarado_, 496 B.R. at 207. The second prong is satisfied because credit counseling is a mandatory prerequisite for an individual seeking bankruptcy relief without which he cannot sustain a case. As the bankruptcy court stated in _Dyer_, common sense dictates that statutory ineligibility to be a debtor would constitute "cause" for dismissal. 381 B.R. at 206.

Because Debtor did not obtain prepetition credit counseling during the 180 days prior to filing this bankruptcy case, he was not eligible to be a debtor under § 109(h). His ineligibility to be a debtor constitutes "cause" for dismissal under § 707(a). Accordingly, the bankruptcy court did not err in dismissing his

-10-

case.[10]

**B. The bankruptcy court did not abuse its discretion in dismissing Debtor's case with prejudice and imposing a one-year refiling bar.**

**1. Governing law for dismissal with prejudice under § 349(a)**

Once a court has determined that cause to dismiss exists, it must then decide what form of dismissal should apply. Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth), 455 B.R. 904, 922 (9th Cir. BAP 2011). Section 349(a)[11] establishes a general rule that dismissal of a case is without prejudice, but expressly grants a bankruptcy court the authority to dismiss the case with prejudice which "bars further bankruptcy proceedings between the parties and is a complete adjudication of the issues." In re Leavitt, 171 F.3d at 1223-24.

Upon a finding of bad faith, a bankruptcy court may dismiss a case with a permanent bar to refiling bankruptcy to discharge existing, dischargeable debt. Id. at 1224 (bad faith is "cause" for dismissal with prejudice under § 349(a)). Inherent in this authority is the power to impose a bar of shorter duration. Johnson v. Vetter (In re Johnson), 2014 WL 2808977, at *7 (9th Cir. BAP June 6, 2014) (citing Leavitt v. Soto (In re Leavitt),

---

[10] To the extent Debtor contends the bankruptcy court erred by denying the discharge of his debts, he is mistaken. Although the UST alternatively sought relief under § 727(a)(8) based on Debtor's previous chapter 7 discharge, the bankruptcy court denied that motion as moot.

[11] Section 349(a) provides, in relevant part, that "[u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not . . . prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title."

-11-

209 B.R. 935, 942 (9th Cir. BAP 1997), aff'd, 171 F.3d 1219 (9th Cir. 1999) (§ 349(a) provides courts with authority to control abusive filings beyond the limits of § 109(g), even in cases where the bankruptcy court imposes a bar to refiling for a period greater than 180 days)). A finding of bad faith does not require fraudulent intent by the debtor. In re Leavitt, 171 F.3d at 1225.

When dismissing with prejudice courts are to consider the following factors: (1) whether debtor misrepresented facts in the petition, unfairly manipulated the Bankruptcy Code, or otherwise filed in an inequitable manner; (2) debtor's history of filing and dismissals; (3) whether debtor only intended to defeat state court litigation; and (4) whether egregious behavior is present. Id. at 1224. Although Leavitt involved a chapter 13 case, we see no reason why the standards for a finding of bad faith in a chapter 7 case should be any different. See In re Johnson, 2014 WL 2808977, at *7 (applying Leavitt factors to chapter 7 dismissal with prejudice); In re Tiner, 2008 WL 2705103, at *4 (same); In re Mitchell, 357 B.R. 142, 154 (Bankr. C.D. Cal. 2006)(same).

Although the bankruptcy court did not expressly refer to Leavitt to find that bad faith was present, it appears to have applied the standard set forth in Leavitt by finding that: (1) no basis existed for Debtor's chapter 7 case because no discharge was available nor was there any benefit to creditors; (2) Debtor had filed multiple bankruptcy cases in the past four years; (3) Debtor's sole purpose for filing this case was to stay a pending foreclosure; and (4) it was not plausible for Debtor to think he was eligible for relief.

It may have been plausible for Debtor to think he was

-12-

eligible for a discharge in this case. For reasons unknown, Debtor's wife obtained a second discharge after receiving a chapter 7 discharge less than three years prior. Although that error is clear to us, we agree with Debtor that it was reasonable for him to think he could obtain a second discharge in such time as well, despite the Notice of Non-Entitlement to Discharge (assuming Debtor received it and can read English).

Nonetheless, in addition to the bankruptcy court's findings, the record contains other facts supporting dismissal with prejudice and imposing a one-year refiling bar: (1) Debtor failed to disclose in his petition all of his prior bankruptcies for the last eight years; (2) he misrepresented in his Exhibit D filed with his petition that he had obtained credit counseling within 180 days prior to the filing; and (3) three of Debtor's four bankruptcy filings in the past four years were either voluntarily dismissed or dismissed for his failure to prosecute.

Because the bankruptcy court applied the correct legal test under Leavitt and the undisputed facts support a finding of "cause" to dismiss with prejudice under § 349(a), we cannot conclude that a one-year bar to refiling was an abuse of discretion.

## VI. CONCLUSION

For the foregoing reasons, we AFFIRM.

-13-