**In re: Floyd WILLIAMS, Debtor.**

**No. 07–00379–8–JRL.**

United States Bankruptcy Court,
E.D. North Carolina,
New Bern Division.

Feb. 9, 2007.

Edwin M. Hardy, Washington, NC, for Debtor.

**ORDER DISMISSING CASE**

RANDY D. DOUB, Bankruptcy Judge.

This matter is before the court on the issue of the debtor's completion of credit counseling more than 180 days prior to the

filing of the petition. The debtor filed a voluntary petition pursuant to chapter 13 on February 2, 2007. The debtor filed a certificate of credit counseling indicating that the debtor completed his credit counseling on August 4, 2006.

11 U.S.C. § 109(h)(1) requires that the debtor complete credit counseling "during the *180–day* period preceding the date of filing of the petition by such individual . . . ." (emphasis added). August 4, 2006 is 182 days prior to February 2, 2007. Therefore, the debtor did not meet the requirements of § 109(h). Section 109(h) does provide several exceptions for debtors who are unable to complete their credit counseling for various reasons prior to their filing. However, it does not provide an alternative for those who complete their credit counseling more than 180 days prior to their filing. *See In re Giles,* No. 06–23988, 2007 WL 259920 (Bankr.D.Utah Jan. 19, 2007) (dismissing debtor's case for failure to comply with § 109(h) when the debtor obtained credit counseling 182 days prior to filing); *In re Jones,* 352 B.R. 813 (Bankr.S.D.Tex.2006) (dismissing debtor's case for failure to comply with § 109(h) when the debtor obtained credit counseling 190 days prior to filing).

Based on the foregoing, the debtor's case is **DISMISSED** for failure to comply with the requirements of § 109(h).

**SO ORDERED.**