# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

## No. 09-6027

_____

| | |
|---|---|
| In re:  Bonnie Lee Duncan; Michael B. Duncan, | * |
| | * |
| | * |
| Debtors. | * |
| | * |
| Bonnie Lee Duncan; Michael B. Duncan, | * Appeal from the United States |
| | * Bankruptcy Court for the Eastern |
| | * District of Missouri |
| Debtors – Appellants, | * |
| | * |
| v. | * |
| | * |
| John V. LaBarge, Jr., | * |
| | * |
| Trustee – Appellee. | * |

_____

Submitted: October 28, 2009
Filed: November 5, 2009

_____

Before KRESSEL, Chief Judge, FEDERMAN and VENTERS, Bankruptcy Judges.

_____

KRESSEL, Chief Judge.

Bonnie Lee Duncan and Michael B. Duncan appeal from the bankruptcy court's[1] orders denying their request for waiver of pre-petition credit counseling and dismissing their case.

## BACKGROUND

Bonnie Lee Duncan and Michael B. Duncan filed a joint chapter 13 bankruptcy petition on June 19, 2009. Along with their petition, the Duncans filed a Motion for Exemption from Credit Counseling, which stated that they would file a certificate of credit counseling within fifteen days of the filing of their petition. They provided no facts or arguments in support of their request. The Duncans completed their credit counseling on July 1, 2009.

The bankruptcy court issued an order on July 8, 2009, denying their request for waiver of pre-petition credit counseling. In its order, the court noted that the debtors completed their credit counseling after they filed their bankruptcy petition and the court found that the debtors had not established exigent circumstances warranting a waiver of the pre-petition credit counseling requirement. That same day, the court issued an order dismissing the Duncans' bankruptcy case for failure to file a credit counseling certificate, certification of exigent circumstances, or motion for exemption from credit counseling under 11 U.S.C. § 109(h)(4). In addition, since the debtors neither received the counseling pre-petition, nor obtained a waiver, they were ineligible to be debtors. 11 U.S.C. § 109(h)(1).

On July 15, 2009, the Duncans filed certificates of credit counseling and a motion to reconsider the order dismissing their case. Again, they did not state any facts or provide any evidence regarding exigent circumstances. They filed another motion to reconsider on July 21, 2009. On July 22, 2009, the court denied the second motion to reconsider. On July 23, 2009, the court denied the first motion to reconsider.

---

[1] The Honorable Barry S. Schermer, Chief Judge, United States Bankruptcy Court for the Eastern District of Missouri.

On July 31, the Duncans filed a document which they titled, "Show Cause for Motion for Appeal."[2]  The documents explained, for the first time, that the Duncans' basis for claiming exigent circumstances was that prior to filing their petition, they had been in negotiations with their lender to modify their mortgage but negotiations had broken down, they had been advised that their home would be sold on June 19, 2009, and they filed their petition as an emergency measure to stop the foreclosure sale. [3]

The only orders appealed by the Duncans are the July 8, 2009 orders denying their request for waiver of pre-petition credit counseling and dismissing their case.  Because we find no error, we affirm.

## STANDARD OF REVIEW

A bankruptcy court's determination that a debtor has not demonstrated exigent circumstances meriting a waiver of the pre-petition credit counseling certificate requirement is reviewed for an abuse of discretion.  *Dixon v. LaBarge (In re Dixon)*, 338 B.R. 383, 390 (B.A.P. 8th Cir. 2006).  The dismissal of a bankruptcy case is likewise reviewed for an abuse of discretion.  *Cedar Shore Resort, Inc. v. Mueller (In re Cedar Shore Resort, Inc)*, 235 F.3d 375, 379 (8th Cir. 2000).

---

[2]     The court treated this as a notice of appeal.

[3]     The Duncans have since reached a modification with their lender. Although the Duncans state that the only reason they filed their petition was to stay the foreclosure sale, and although they ask us to expunge the filing from the record, they also ask us to reverse the bankruptcy court's dismissal of their petition.  It is not clear why they are interested in reversing the bankruptcy court's dismissal order if they no longer want bankruptcy protection.

DISCUSSION

Section 109(h)(1) of the Bankruptcy Code provides:

> . . . an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(h)(1). Section 521(b)(1) requires a debtor who is an individual to file "a certificate from the approved nonprofit budget and credit counseling agency that provided the debtor services under section 109(h) describing the services provided to the debtor." 11 U.S.C. § 521(b)(1). If a debtor who is an individual fails to file a certificate of credit counseling with his or her petition in accordance with § 521(b)(1) and § 109(h)(1), the debtor is not eligible to be a debtor under the Bankruptcy Code and dismissal is appropriate. *Dixon v. LaBarge (In re Dixon)*, 338 B.R. 383, 389 (B.A.P. 8th Cir. 2006); *In re LaPorta*, 332 B.R. 879, 883 (Bankr. D. Minn. 2005) ("The statute is utterly clear. The performance of credit counseling pre-petition is a first-level requirement for any individual who seeks bankruptcy relief."). We find no error in the bankruptcy court's determination that the Duncans are individuals who did not file a certificate of credit counseling with their petition in accordance with § 521(b)(1) and § 109(h)(1). The bankruptcy court correctly concluded that they were not eligible to be debtors under the Bankruptcy Code and its dismissal of their case was appropriate.

There are exceptions to the credit counseling requirement, but the first two are inapplicable to the Duncans and they have not met the requirements for the third. Section 109(h)(2) contains the first exception, which applies if the United States Trustee has certified that there are no approved agencies available to provide adequate services in the district. 11 U.S.C. § 109(h)(2). The second exception,

found in § 109(h)(4), applies to debtors who are unable to complete the briefing as a result of incapacity, disability, or active military duty in a military combat zone. Clearly these exceptions do not apply to the Duncans.

The third exception is the exigent circumstances exception. 11 U.S.C. § 109(h)(3)(A)(i)-(iii). In order to obtain a thirty-day exemption from the pre-petition certificate requirement on the basis of exigent circumstances, debtors must provide the court with a certificate that 1) describes "exigent circumstances that merit a waiver of the briefing requirement"; 2) states "that the debtors requested credit counseling services from an approved agency but were unable to obtain the services within five days"; and 3) is "satisfactory to the court." *Hedquist v. Fokkena (In re Hedquist)*, 342 B.R. 295, 298 (B.A.P. 8th Cir. 2006); 11 U.S.C. § 109(h)(3)(A)(i)-(iii). The Duncans provided no such certificate to the court. Their "Motion for Exemption of Credit Counseling Certificate" only stated, "Comes now debtors before the court to pray that the Court grant a Motion for Exemption (Bankruptcy Code {{ [sic] 109(h) and 521 (b)). Certificate of Consumer Credit Counseling will be filed within 15 days of this Chapter 13 Bankruptcy filing date. – Exhibit D." There was no Exhibit D, only an index of exhibits which stated, "D. Certificate of Consumer Credit Counseling will be filed within 15 days of this chapter 13 filing, dated June 19, 2009." There was no description of exigent circumstances nor any allegation that they requested counseling before they fled and were unable to obtain it within five days.

The Duncans present evidence to us which they did not provide to the bankruptcy court and raise new issues on appeal. "Ordinarily, we do not consider an argument raised for the first time on appeal. We consider a newly raised argument only if it is purely legal and requires no additional factual development, or if a manifest injustice would otherwise result." *Henning v. Mainstreet Bank,* 538 F.3d 975, 979 (8th Cir. 2008) (quoting *Orr v. Wal-Mart Stores, Inc.,* 297 F.3d 720, 725 (8th Cir.2 002)); *Stalnaker v. DLC, Ltd.,* 376 F.3d 819 (8th Cir. 2004) ("We do not ordinarily review an issue on appeal if the parties did not first raise it at trial unless it is a strictly legal question and manifest injustice would result from our

failure to review it."). Similarly, we limit our review to evidence presented to the bankruptcy court. Fed. R. Bankr. P. 8006; *Lindau v. Nelson (In re Nelson)*, 357 B.R. 508, 511 (B.A.P. 8th Cir. 2006) ("An appellate court sits in review of a trial court. As such, it can only consider the evidence presented to the trial court. Otherwise, the appellate court exceeds its role as a reviewer of the proceedings below."). The Duncans' explanation for their failure to complete pre-petition credit counseling and file a certificate of completion was never provided to the bankruptcy court, and we must decline to consider the arguments and evidence related to this assertion because it is outside of the record on appeal.

The Duncans also make a number of motions on appeal, asking us to annul and expunge their bankruptcy filing from the record, to remove the bankruptcy judge from their case, to grant a change of venue in the bankruptcy case, to stay the foreclosure sale pending the appeal, and to declare the debtors to not be fraudulent and serial filers. Because their motions are outside of our jurisdiction, we deny them.

## CONCLUSION

We affirm the bankruptcy court's order denying the Duncans' request for waiver of the pre-petition credit counseling requirement because we find no error in the bankruptcy court's determination that the Duncans had not established exigent circumstances. We affirm the bankruptcy court's dismissal of the debtors' case because the debtors failed to file a certificate of credit counseling with their petition in accordance with § 521(b)(1) and § 109(h)(1), and none of the exceptions to that requirement apply, thus making the debtors ineligible for bankruptcy relief.