**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | ) BAP No. CC-10-1399-PaHKi |
| | ) |
| IMAN GIBSON, | ) Bk. No. LA 10-45200-EC |
| | ) |
| Debtor. | ) |
|———————————————————| ) |
| | ) |
| IMAN GIBSON, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) **M E M O R A N D U M**[1] |
| | ) |
| KATHY DOCKERY, Chapter 13 | ) |
| Trustee, | ) |
| | ) |
| Appellee. | ) |
| | ) |
|———————————————————| ) |

Argued and Submitted on November 17, 2011
at Pasadena, California

Filed - December 1, 2011

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Ellen A. Carroll, Bankruptcy Judge, Presiding

Appearances:    Appellant Iman Gibson argued pro se.

Before: PAPPAS, HOLLOWELL and KIRSCHER, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

-1-

Iman Gibson ("Debtor") appeals the bankruptcy court's order dismissing her chapter 13[2] case because she did not comply with § 109(h). Because Debtor had adequate notice of a potential dismissal, and because she indeed did not comply with § 109(h), we AFFIRM.

**FACTS[3]**

Debtor filed a chapter 13 bankruptcy petition, Official Form 1, on August 20, 2010.[4] Official Form 1 includes several

---

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[3] No excerpts of record were supplied by Debtor. In reaching our decision, the Panel has reviewed and relied on the bankruptcy court docket. See Clinton v. Deutsche Bank Nat'l Trust Co. (In re Clinton), 449 B.R. 79, 82-83 & n.5 (9th Cir. BAP 2011) (citing O'Rourke v. Seaboard Surety Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989) and indicating that an appellate court may take judicial notice of underlying bankruptcy court records).

[4] Debtor contended throughout her opening brief, and at oral argument, that the petition filing date was August 23, 2010, the date she paid the filing fee in full. However, full payment is not required to file a bankruptcy petition and it may be filed with an application to pay the filing fee in installments. See § 301(a) (indicating a chapter 13 case is commenced when a petition is filed); Rule 1006(b)(1) ("A voluntary petition by an individual shall be accepted for filing if accompanied by the debtor's signed application . . . stating that the debtor is unable to pay the filing fee except in installments."). The docket and Debtor's opening brief indicate that Debtor submitted her application to pay the filing fee in installments on August 20. Debtor's Br. at 36 ("[The clerk's staff] gave me the [installment application on August 20,] and I filled it out and gave it to him."); Dkt. No. 1 (docket notation indicating Debtor's petition "Filed & Entered" August 20); Dkt. No. 4 (August 22 notice to Debtor's creditors, providing "[D]ebtor . . . filed a Chapter 13 bankruptcy case on August 20, 2010"); Dkt. No. 7 (installment application with signature date of August 20). For some reason, though, the installment application was not stamped as filed or docketed until August 23, the same day the court entered its Order denying that application. Dkt. Nos. 7, 8. Debtor asserts the clerk's staff represented to her that the denial of her installment application on August 23, was tantamount
(continued...)

-2-

exhibits, and a debtor must acknowledge attachment of those exhibits within the petition.[5] Among the petition's exhibits is Exhibit D, which documents an individual debtor's compliance with § 109(h) of the Bankruptcy Code, and provides:

> (h)(1) Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

§ 109(h)(1). Exhibit D also warns the debtor of the consequences of not complying with § 109(h), stating, in bold font:

> **Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you.**

Dkt. No. 14 at 25. Each of the five statements referred to in that warning corresponds to a statement of compliance with the

---

[4](...continued) to a denial of the petition's filing. Debtor's Br. at 36. It is clear from the docket, however, and from notices sent by the clerk prior to August 23, that the court considered Debtor's petition as filed on August 20. Regardless, even if the petition filing date was August 23, the analysis of the legal issues in this decision would not change.

[5] For example, on the second page of the petition, debtors are required to mark, "Exhibit D [has been] completed and signed by the debtor [and] is attached and made a part of this petition." Official Form 1 at 2. "[E]very individual debtor" is to check a box acknowledging such. Id.

-3-

§ 109(h) credit counseling requirement.[6] Rather than acknowledging completion of Exhibit D in her petition, Debtor crossed the acknowledgment out, and noted, "[t]his does not pertain to me." Dkt. No. 1 at 2.

Debtor did not submit an Exhibit D on August 20, 2010.

When she presented her petition for filing on August 20, the bankruptcy clerk's staff informed Debtor that credit counseling needed to be completed prior to filing, that such counseling is "mandatory," and that there can be no waiver for the requirement. Debtor's Opening Brief at 35–36. However, Debtor insisted that the staff accept her petition, which they did. See id. at 36 ("I told [the clerk's staff] my house is in second default and they evicted us August 11, 2010. I want to file ch.13 now [on August 20, 2010]. Then after saying this over and over again. [The clerk's staff] tells me that I can do an installment plan to pay the filing fee. He gave me the form and I filled it out and gave it to him." (emphasis added, punctuation in original)).

While Debtor filed a petition and thereby commenced a bankruptcy case on August 20, she did not submit all of the documents required to complete her filing on that date. See C.D. Cal. Local Bankruptcy Rule 1002-1. As a result, the bankruptcy court generated a Case Commencement Deficiency Notice on August 22. Dkt. No. 5. The bankruptcy clerk's staff provided

---

[6] The first two statements are for debtors who have completed the required credit counseling. If a debtor currently has a certificate documenting completion of the counseling, she checks the first statement and attaches the certificate; she checks the second statement if she does not yet have the certificate, but will file it within fourteen days of her petition date. The remaining three statements refer to narrow exceptions to the credit counseling requirement provided in §§ 109(h)(2), (3) and (4).

-4-

Debtor with a copy of that notice when she visited the clerk on August 23. Debtor's Opening Brief at 37. Among the deficiencies listed in that notice was that there were no "Certificate of Credit Counseling as required by § 521(b)(1), § 109(h)(1), and Rule F.R.B.P. 1007(b)(3), or a Certification of Exigent Circumstances under § 109(h)(3), or a request for determination by the court under § 109(h)(4)," and no "Exhibit D." Id. The notice provided that Debtor had fourteen days from the filing of her petition to cure the deficiencies. Id.

On September 3, 2010, Debtor submitted the deficient information. Among the documents she filed was a Certificate of Counseling, issued by Black Hills Children's Ranch, Inc., an approved credit counseling provider in the Central District of California.[7] Dkt. No. 13. The certificate indicates that Debtor completed credit counseling on August 24, 2010.[8] Id.

---

[7] Debtor also submitted to the court a printout from an Internet site, indicating she was, at some point in time, "one step away from completing [her] certification" with a different credit counseling agency, Pioneer Credit Counseling. Dkt. No. 14 at 27. That printout, however, is not dated, and there is no indication that Debtor ever completed the last "step" of calling the credit counseling agency. Id.

[8] The Certificate of Counseling provides:

> I CERTIFY that on August 24, 2010, at 5:59 o'clock PM MDT, Iman Gibson received from Black Hills Children's Ranch, Inc., an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the Central District of California, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.
> ****
> This counseling session was conducted by internet and telephone.

Dkt. No. 13 (emphasis and uppercase in original). Despite the
(continued...)

-5-

Debtor also submitted an Exhibit D at that time. Dkt. No. 14 at 25-26. Rather than check one of the five options provided by the exhibit, however, Debtor crossed out the exhibit's text, and wrote in large letters, "None."[9] Id. At the bottom of the second page of the exhibit, Debtor handwrote, "I have obtained the Certificate on Aug[ust] 24, 2010[,] after the filing of the Bankruptcy. It is attached with the petition." Id. at 26.

On October 8, 2010, the bankruptcy court entered an "Order Dismissing [Debtor's] Case." Dkt. No. 20. The Order indicated that Debtor's case was dismissed because she had not complied with the requirements of § 109(h). Id.

Debtor filed this timely appeal.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). The Panel has jurisdiction under 28 U.S.C. § 158.

**ISSUES**

Whether the bankruptcy court erred in dismissing Debtor's case due to her failure to comply with the requirements of § 109(h).

Whether the bankruptcy court erred in dismissing Debtor's case without prior notice to Debtor or an opportunity for a

---

[8](...continued) date in the certificate, Debtor asserts that the counseling was actually provided to her prior to August 24. There is nothing in the record to support this assertion. Id.

[9] The Case Commencement Deficiency Notice instructed, "[e]ven if the indicated documents are not applicable to your particular situation, they must still be filed with the notation 'None' marked thereon." Dkt. No. 5.

-6-

hearing.[10]

We review interpretations of provisions of the Bankruptcy Code de novo. Smith v. Rojas (In re Smith), 435 B.R. 637, 642–43 (9th Cir. BAP 2010) (citing Mendez v. Salven (In re Mendez), 367 B.R. 109, 113 (9th Cir. BAP 2007)). Also, due process challenges are reviewed de novo. In re Nguyen, 447 B.R. 268, 276 (9th Cir. BAP 2011) (en banc) (citing Miller v. Cardinale (In re DeVille), 280 B.R. 483, 492 (9th Cir. BAP 2002)).

We review a bankruptcy court's decision to dismiss a chapter 13 case for abuse of discretion. Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth), 455 B.R. 904, 914 (9th Cir. BAP 2011). A bankruptcy court abuses its discretion if it bases a decision on an incorrect legal rule, or if its application of the law was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. United States v. Hinkson, 585 F.3d 1247, 1261–63 (9th Cir. 2009) (en banc); In re Ellsworth, 455 B.R. at 914.

**DISCUSSION**

**I.   Debtor did not comply with the requirements of § 109(h).**

Section 109 of the Bankruptcy Code identifies who may be a debtor. To qualify as a bankruptcy debtor, an individual must first participate in a credit counseling session within 180-days

---

[10] While this issue is not clearly identified in Debtor's opening brief, if we read the brief liberally, Debtor alleges she lacked adequate notice and opportunity to be heard before her case was dismissed. We will therefore consider the issue. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (indicating that pro se pleadings are held to a less stringent standard than lawyer-drafted pleadings).

-7-

before filing a petition. § 109(h)(1).[11]  Completion of that counseling is properly documented by filing a certificate with the bankruptcy court from the counseling provider.  § 521(b)(1); Rule 1007(b)(3).

The exceptions to the pre-petition credit counseling requirement, which are identified in § 109(h), are few and narrow. In re Crawford, 420 B.R. 833, 839 (Bankr. D.N.M. 2009).  First, a debtor is excused from compliance if she resides in a district where the U.S. trustee or bankruptcy administrator has determined credit counseling agencies would be overburdened if the requirement were enforced.  § 109(h)(2)(A).  Second, an individual may receive a temporary deferral of the counseling requirement due to exigent circumstances.  § 109(h)(3)(A).  To qualify for a deferral, an individual must submit a certification to the bankruptcy court that: (1) describes the exigent circumstances; (2) states that credit counseling was requested from an approved provider, but that she was unable to obtain those services within seven days of making that request; and (3) is satisfactory to the court.  Id.  Finally, an individual can receive a permanent exemption from the counseling requirement if, after notice and a hearing, the bankruptcy court determines the individual cannot complete the requirement due to incapacity, disability, or active

---

[11]  "Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section other than paragraph (4) of this subsection, an individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis."  § 109(h)(1).

military duty in a combat zone.  § 109(h)(4).

The majority of courts to address § 109(h) have strictly applied the credit counseling requirement, and have dismissed cases where debtors have not complied.  See, e.g., Duncan v. LaBarge (In re Duncan), 418 B.R. 278, 280-81 (8th Cir. BAP 2009); Hedquist v. Fokkena (In re Hedquist), 342 B.R. 295, 298 (8th Cir. BAP 2006); In re Borges, 440 B.R. 551, 556 (Bankr. D.N.M. 2010); In re Ruckdaschel, 364 B.R. 724, 734 (Bankr. D. Idaho 2007); In re Dyer, 381 B.R. 200, 206 (Bankr. W.D.N.C. 2007); In re Williams, 359 B.R. 590, 590-91 (Bankr. E.D.N.C. 2007); In re Mingueta, 338 B.R. 833, 838-39 (Bankr. C.D. Cal. 2006); In re Carey, 341 B.R. 798, 803-04 (Bankr. M.D. Fla. 2006).  Most often, these courts relied on the plain language of § 109(h), which includes that "an individual may not be a debtor under this title unless such individual has" complied with the credit counseling requirement.  See, e.g., In re Ruckdaschel, 364 B.R. at 733.

On the other hand, a small number of courts have purported to exercise judicial discretion to alter the strict requirements of § 109(h) in those cases where debtors have complied with the "spirit" of § 109(h), or where dismissal would, in the courts' view, result in manifest injustice.  See, e.g., In re Nichols, 362 B.R. 88, 93 (Bankr. S.D.N.Y. 2007); In re Bricksin, 346 B.R. 497, 501-03 (Bankr. N.D. Cal. 2006); In re Hess, 347 B.R. 489, 495-96 (Bankr. D. Vt. 2006).  However, in our opinion, there is no basis for that interpretation of § 109(h).  See Blausey v. U.S. Trustee, 552 F.3d 1124, 1132 (9th Cir. 2009) (citing Lamie v. U.S. Trustee, 540 U.S. 526, 534 (2004) and indicating that

-9-

interpretation of the Bankruptcy Code is to be based on its plain language).

To us, the command of § 109(h) is clear, and, unless one of the stated exceptions applies, an individual "may not be a debtor" unless she has received credit counseling prior to filing her bankruptcy petition. § 109(h)(1).

Debtor did not obtain credit counseling during the 180 days prior to filing her petition. While she completed counseling a few days later, she did not request nor secure bankruptcy court approval to do so post-petition due to any exigent circumstances, nor did she seek an exemption from the counseling requirement under one of the other § 109(h) exceptions. Because Debtor did not comply with the § 109(h) pre-bankruptcy credit counseling requirement, Congress has decreed that she was not eligible to be a chapter 13 debtor,[12] and dismissal of her case by the bankruptcy court was appropriate. See § 301(a);[13] In re Crawford, 420 B.R. at 839.

---

[12] Compliance with § 109(h) is an eligibility requirement, not a jurisdictional requirement; a bankruptcy court retains authority to determine a debtor's eligibility, and has jurisdiction over a case commenced by an ineligible debtor. Mendez v. Salven (In re Mendez), 367 B.R. 109, 116-17 (9th Cir. BAP 2007) (quoting In re Parker, 351 B.R. 790, 796 (Bankr. N.D. Ga. 2006)).

[13] Section 301(a) provides:

> A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter.

(emphasis added).

-10-

**II.  The bankruptcy court's sua sponte order dismissing Debtor's bankruptcy case without prior notice or an opportunity to be heard was appropriate**.

The Panel's case law makes it clear that a bankruptcy court may dismiss a chapter 13 case sua sponte pursuant to § 105(a).[14] Tennant v. Rojas (In re Tennant), 318 B.R. 860, 869 (9th Cir. BAP 2004) (approving dismissal of debtor's case, sua sponte, for failure to timely file schedules required by Rule 1007).  Even though dismissal on the bankruptcy court's own motion is allowed, procedural due process requires that the debtor first be afforded notice and an opportunity to be heard.  Id. at 870 (citing Muessel v. Pappalardo (In re Muessel), 292 B.R. 712, 717 (1st Cir. BAP 2003)).

The requirement of adequate notice and an opportunity to be heard before dismissal is a flexible standard, and depends on the particular circumstances of a case.  Id. (citing § 102(1)[15]).

---

[14]  Section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

[15]  Section 102(1) provides:

> In this title—
>     (1)  "after notice and a hearing", or a similar phrase—
>         (A)  means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances[.]

-11-

Where the basis for dismissal is limited to "very narrow procedural aspects, a court can dismiss a Chapter 13 case without further notice or opportunity for a hearing if the debtor was provided with notice of the requirements to be met." Id. (quoting In re Meints, 222 B.R. 870, 872 (D. Neb. 1998)) (internal quotations omitted).

Such an approach makes particular sense here where, unlike the typical dismissal scenario in a case where a debtor has rightly qualified to file her bankruptcy, i.e, where she fails to comply with some other aspect of the Code or Rules, see § 1307(c), the issue raised in § 109(h) dismissal cases is whether debtor is eligible to be a bankruptcy debtor at all. In re Mendez, 367 B.R. at 117–18 (noting that § 109(h) implicates a "matter of eligibility"). Simply put, if an individual has not complied with the requirements of § 109(h) as of her petition date, she may not be a "debtor." See § 109(h)(1); Scovis v. Henrichsen (In re Scovis), 249 F.3d 975, 984 (9th Cir. 2001) (indicating that eligibility is determined as of a debtor's petition date). In other words, the basis for dismissal for failure to comply with § 109(h) arises simultaneously with the filing of a petition; based upon the language of the statute, a debtor enjoys no opportunity to cure a § 109(h) deficiency post-petition. Therefore, pre-filing notice to the debtor of the requirements of § 109(h) must be sufficient to satisfy due process. But cf. Dinova v. Harris (In re Dinova), 212 B.R. 437, 443–46 (2d Cir. BAP 1997) (finding notice and an opportunity for a hearing to be adequate only when provided after a debtor's deficiency).

In this case, it is undisputed that Debtor received several

-12-

notices and warnings concerning the consequences of her non-compliance with § 109(h) prior to filing her petition. First, Debtor's petition indicated that Exhibit D was to be completed, signed, and attached to her petition. In turn, Exhibit D contained a conspicuous warning to Debtor that, if she did not comply with the credit counseling requirement, the bankruptcy court could dismiss her case. If Debtor's notation on her petition that Exhibit D "does not pertain to [her]" is to be believed, it evidences that she reviewed and considered the information contained in the exhibit before the petition was filed. See Dkt. No. 1 at 2.

Moreover, in this case, even if Debtor did not read Exhibit D before filing, it is undisputed that she was told by court staff that pre-bankruptcy credit counseling was mandatory when she attempted to file her petition. In spite of that actual warning, which she admits receiving, Debtor insisted on filing her petition on August 20, 2010, even though she knew she had not received credit counseling, and was not requesting a deferral or exemption from the credit counseling requirement on that date.

All things considered, it should have come as no surprise to Debtor when, upon review of her petition and the certificate showing Debtor completed counseling on August 24, the bankruptcy court dismissed her case. Considering the nature of a dismissal for non-compliance with § 109(h), and the particular circumstances of the dismissal in this case, the bankruptcy court's dismissal of Debtor's case without prior notice or opportunity for a hearing did not violate Debtor's procedural rights.

-13-

**CONCLUSION**

The bankruptcy court did not abuse its discretion in dismissing Debtor's chapter 13 case due to non-compliance with § 109(h). In addition, the court's sua sponte dismissal was appropriate because Debtor had sufficient notice of the possible dismissal for failure to obtain pre-bankruptcy credit counseling to satisfy due process requirements. We AFFIRM.